IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BEATRICE DELGADO MONDRAGON,<br>　　Petitioner, | §<br>§<br>§ | |
| VS. | § | Civil Action No. 4:11-CV-126-Y |
| | § | |
| JOE KEFFER, WARDEN,<br>FMC-CARSWELL,<br>　　Respondent. | §<br>§<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Beatrice Delgado Mondragon, Reg. No. 28638-180, is a federal prisoner incarcerated in Federal Medical Center-Carswell in Fort Worth, Texas (FMC-Carswell).

Respondent Joe Keffer is Warden of FMC-Carswell.

#### C. PROCEDURAL HISTORY

In May 2002, pursuant to a plea bargain agreement, petitioner pleaded guilty to one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C.

841(a)(1), in the United States District Court for the Western District of Texas, Austin Division, Case No. 1:02-CR-102. *United States v. Mondragon*, PACER, Case Locator, Criminal Docket for Case No. 1:02-CR-102-JRN-1, entry no. 25. Petitioner failed to appear for her sentencing on September 5, 2002, and was later arrested and charged with failure to appear, in violation of 18 U.S.C. § 3146(a)-(b), in Case No. 1:02-CR-214-JRN. *Id.*, entry nos. 35- 41. On January 23, 2003, petitioner was sentenced to a term of 121 months' imprisonment on the drug-related charge. *Id.*, entry no. 45. On January 23, 2003, petitioner was sentenced to 30 month's imprisonment on the failure to appear charge. *United States v. Mondragon*, PACER, Case Locator, Criminal Docket for Case No. 1:02-CR-214-JRN-1, entry no. 21.

Petitioner's 121-month sentence is the subject of the instant petition. Petitioner sought post-conviction relief challenging her sentence in the convicting court *via* a § 2255 motion to vacate her sentence, a "Motion to Eliminate Enhancements and Reduce Sentence," and a motion to correct clerical errors under Rule 36, the latter two of which were construed as successive § 2255 motions by that court. (Resp't App. at 1-20) Petitioner complains her sentence was erroneously increased by a 2-level weapon enhancement and seeks correction of her sentence. (Pet'r Mem. 2-6) Petitioner filed this petition under § 2241 in this division where she is serving her sentence. Respondent has filed a response requesting dismissal of the action for lack of jurisdiction. (Resp't Resp. at 2-6)

## D. Discussion

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of her conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence only if she can

satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, petitioner must show that: (1) her claim is based on a retroactively applicable Supreme Court decision, (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *See Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); Reyes-Requena, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Petitioner cannot satisfy the requirements of the "savings clause." Her challenge to the sentencing court's application of the Sentencing Guidelines is not based on a retroactively applicable Supreme Court decision establishing that the offense of which she was convicted no longer qualifies as a violation of law. Furthermore, having had an adequate and effective opportunity to assert her claims in the convicting court, petitioner may not proceed to do so under this court's § 2241 jurisdiction. A prior unsuccessful § 2255 motion, or the inability to meet the requirements for filing a successive § 2255 motion, does not make the § 2255 remedy inadequate or ineffective. *See Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

3

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 21, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September 21, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August __30__, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

5